IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARLA SNOW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-1229-SMY-RJD |
| | ) |
| EASTERN ACCOUNT SYSTEM OF | ) |
| CONNECTICUT, INC., a Connecticut | ) |
| Corporation, | ) |
| | ) |
| Defendant. | ) |

## ORDER AND JUDGMENT OF DEFAULT

This matter is before the Court on Plaintiff's motion for entry of default judgment (Doc. 17). Plaintiff filed the instant action against Defendant Eastern Account System of Connecticut, Inc. on November 5, 2015 alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/2 (Doc. 1). Defendant was served with a copy of the summons and Complaint on November 19, 2015 (Doc. 8). Thus, Defendant's responsive pleading was due to be filed on or before December 10, 2015. However, Defendant failed to answer Plaintiff's Complaint or otherwise plead and an order of default was entered against it (Doc. 10).

Under the Federal Rules of Civil Procedure, a defendant must file its answer "within 21 days after being served with summons and complaint." Fed.R.Civ.P. 8(a)(1)(A)(i). A defendant who fails to do may be found in default under Federal Rule of Civil Procedure 55(a). It is in the district court's discretion whether to enter default judgment. *O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir.1993). Default judgment establishes, as a matter of law, that a

defendant is liable to the plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci,* 879 F.2d 1488, 1497 (7th Cir.1989).

When a defendant is found in default, all factual allegations in the Complaint are deemed admitted and not subject to challenge. *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir.1994). However, allegations in the Complaint relating to the amount of damages are not deemed admitted. *Dundee Cement Co. v. Howard Pipe & Concrete Prods.,* 722 F.2d 1319, 1323 (7th Cir.1983); *see also* Fed.R.Civ.P. 8(b)(6). The court may conduct hearings when it is necessary to perform an accounting, ascertain damages, "establish the truth of any allegation by evidence," or investigate any other matter. Fed.R.Civ.P. 55(b)(2)(A)–(D). Here, consistent with her Complaint, Plaintiff seeks maximum statutory damages of $1,000 plus reasonable attorney fees and costs. As such, the damages on default are ascertainable without the necessity of a hearing.

Accordingly, Plaintiffs motion is **GRANTED.** Default Judgment is entered in favor of Plaintiff Carla Snow and against Defendant Eastern Account System of Connecticut, Inc. in the amount of $1,000.00. Further, Plaintiff is awarded the reasonable value of attorneys' fees and costs and the Court will retain jurisdiction to determine the amount based upon a petition for attorneys' fees and costs that shall be filed, along with the necessary supporting documentation in accordance with the Federal and Local Rules, within thirty (30) days of the entry of this Order.

**IT IS SO ORDERED.**

DATED:  **January 5, 2017**

s/ Staci M. Yandle  
**STACI M. YANDLE**
